## Cobb *v.* Newcomb.

The omission of an officer to indorse upon an original notice, the time of receiving the same, does not vitiate the service.

If the time when the original notice was placed in the officer's hands, becomes important, the return may be amended, or the day of service may be taken as the time.

Where an officer states in his return on an original notice, that "no copy was demanded," it will be presumed to refer to the petition, rather than to a paper, concerning which the statute does not require him to furnish a copy.

A return on an original notice, as follows: "Served by reading to defendant, Sept. 17th, 1857. No copy demanded," and signed by the proper officer, is sufficient.

*Appeal from the Fayette District Court.*

Tuesday, October 19.

Judgment by default in an action upon a promissory note, dated May 1, 1857, and payable three months after date. The petition was filed September 14, 1857. The return on the original notice reads as follows: "Served by reading to defendant, Sept. 17th, 1857. No copy demanded," and was duly signed by the sheriff. The defendant appeals, and assigns as error: 1. That the court had no jurisdiction of his person; 2. That there was no sufficient service of the notice or of the petition; and, 3. That defendant had no day in court.

*Wm. McClintock,* for the appellant.

*L. L. Ainsworth,* for the appellee.

WOODWARD, J.—The omission by the officer, to indorse the time of receiving the notice, does not vitiate the service. If this time becomes important, the return may be amended, or the day of service may be taken as the time. It is manifest from other facts of the record, that the action was not commenced before the notes became due. The notice is dated, and states that a petition is *now* on file, and the clerk's certificate or record shows, that the petition was filed on the day of that date, which was after the maturity of the note. The return certifies that the notice was served " on the defendant," and there is but one. This is sufficiently certain. As the statute, (section 1723), requires the officer to state in his return, whether a copy of the petition was demanded, his return of " no copy demanded," will be presumed to refer to that, rather than to a copy concerning which the statute makes no such requirement. The presumption should be in favor of the fulfilment of his duty, rather than the omission of it.

The judgment is rendered for a larger amount than is claimed, and larger than the plaintiff was entitled to recover, by a small sum, but this is not assigned as error.

The judgment is affirmed.